IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CANNON STORAGE SYSTEMS, a division of VERN CANNON COMPANY, an Oklahoma Corporation,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>BILL STANLEY,<br><br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. CIV-13-290-M<br>)<br>)<br>)<br>) |

**ORDER**

Before the Court is defendant's Special Limited Appearance and Motion to Dismiss for Lack of Personal Jurisdiction with Opening Memorandum in Support, filed April 29, 2013. On May 30, 2013, plaintiff filed its response, and on June 10, 2013, defendant filed his reply. Based upon the parties' submissions, the Court makes its determination.

I.　　Introduction

Plaintiff designs and constructs self-storage units nationwide and in Canada. Defendant lives in Florida and is in the business of owning and operating mini self-storage complexes in Florida. Defendant has not traveled to Oklahoma in over ten years. Defendant does not own any real property in Oklahoma, does not lease any real property in Oklahoma, and does not own any personal property in Oklahoma. Additionally, defendant does not maintain any bank accounts in Oklahoma, does not advertise in Oklahoma, does not maintain a post office box in Oklahoma, and does not maintain a telephone number in Oklahoma. Finally, defendant does not operate, conduct, engage in, or carry on a business or business venture in Oklahoma.

When he was researching contractors experienced in building mini storage/self-storage facilities, defendant discovered plaintiff's advertisement in a trade magazine circulated in Florida

named "Inside Self Storage." As a result of seeing the advertisement, defendant called Vern Cannon, the owner of plaintiff, at the telephone number listed in the advertisement to discuss the construction of a mini storage facility in Florida and to obtain a quoted price. Prior to speaking with Mr. Cannon regarding the construction of the self-storage facility, defendant had never met or spoken with either Mr. Cannon or plaintiff.

A deal was struck over the phone, and plaintiff sent a written contract, by facsimile, to defendant in Florida. Defendant signed the contract and faxed it back to plaintiff. Defendant never traveled to Oklahoma to meet with Mr. Cannon or anyone else at plaintiff before construction began. Further, at no time did any officer, employee, agent or representative of defendant visit Oklahoma to meet with or discuss the matters pertaining to the contract with plaintiff. Other than the initial telephone call to plaintiff and a few calls during construction, defendant had no other contacts with Oklahoma.

On March 26, 2013, plaintiff filed the instant action against defendant for breach of contract. Defendant now moves this Court to dismiss this action based upon the Court's lack of personal jurisdiction over defendant.

II.     Discussion

When a court's jurisdiction is contested, the plaintiff has the burden of proving that jurisdiction exists. *See ASAT Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1056 (10th Cir. 2008). "Where a district court considers a pre-trial motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion." *Id.* at 1056-57.

> To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show both that jurisdiction is proper

> under the laws of the forum state and that the exercise of jurisdiction would not offend due process. Because Oklahoma's long-arm statute permits the exercise of any jurisdiction that is consistent with the United States Constitution, the personal jurisdiction inquiry under Oklahoma law collapses into the single due process inquiry.

*Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000) (internal citations omitted).

> The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant so long as there exist minimum contacts between the defendant and the forum State. The "minimum contacts" standard may be met in two ways. First, a court may, consistent with due process, assert specific jurisdiction over a non-resident defendant if the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities. When a plaintiff's cause of action does not arise directly from a defendant's forum-related activities, the court may nonetheless maintain general personal jurisdiction over the defendant based on the defendant's business contacts with the forum state.

*Id.* (internal quotations and citations omitted). In the case at bar, plaintiff only asserts that this Court has specific jurisdiction over defendant.

> A specific jurisdiction analysis involves a two-step inquiry. First [a court] must consider whether the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there. Second if the defendant's actions create sufficient minimum contacts, [a court] must then consider whether the exercise of personal jurisdiction over the defendant offends traditional notions of fair play and substantial justice.

*Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004) (internal quotations and citations omitted). "A defendant's contacts are sufficient if the defendant purposefully directed its activities at residents of the forum, and . . . the plaintiff's claim arises out of or results from actions by the defendant *himself* that create a substantial connection with the forum state." *Id.* at 1076 (internal

quotations and citation omitted) (emphasis in original).  Further, whether a defendant has the required minimum contacts must be decided on the particular facts of each case.  *See id.*

Additionally, "[a] contract between an out-of-state party and a resident of the forum state cannot, standing alone, establish sufficient minimum contacts with the forum." *Id.* at 1077.  "In a contract case, relevant factors for assessing minimum contacts include prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing." *Id.* (internal quotations and citation omitted).  Finally,

> telephone calls and letters may provide sufficient contacts for the exercise of personal jurisdiction. . . . However, the exercise of jurisdiction depends on the *nature* of those contacts.  The existence of letters or telephone calls to the forum state related to the plaintiff's action will not necessarily meet due process standards. . . .
> The proper focus for analyzing these contacts is whether they represent an effort by the defendant to purposefully avail itself of the privilege of conducting activities within the forum State.

*Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1418-19 (10th Cir. 1988) (internal quotations and citations omitted) (emphasis in original).

In its response, plaintiff contends that paragraph 10 of the parties' contract is dispositive of defendant's jurisdictional challenge.  Paragraph 10 provides:

> This contract shall be deemed to have been executed in the State of Oklahoma and shall be applicable thereto (except the lien Laws of the state in which the job site is located shall apply to the seller's lien rights thereon) and to the extent permitted by law.  It is agreed that any litigation arising hereunder shall be had in the courts of the appropriate jurisdiction in.

Contract at 4B, attached to plaintiff's response. The Court finds that this paragraph is incomplete and does not identify a forum state agreed to by the parties.  The Court, therefore, finds that

defendant has not consented to jurisdiction in Oklahoma.  Further, the Court finds that the contract, standing alone, does not establish sufficient minimum contacts with Oklahoma.

Additionally, having carefully reviewed the parties' submissions, the Court finds that plaintiff has not made a prima facie showing that this Court has personal jurisdiction over defendant.  Specifically, the Court finds that plaintiff has not established that defendant has sufficient minimum contacts with Oklahoma – that defendant purposely availed himself of the privilege of conducting activities in Oklahoma so as to submit to personal jurisdiction.  The instant case involves only a single transaction – a contract for the construction of a self-storage facility in Florida; defendant had no contact with plaintiff other than the subject contract.  Further, plaintiff initiated the first contact in Florida through a solicitation of services, and it was plaintiff's solicitation that induced defendant to call plaintiff in Oklahoma.  Additionally, the Court finds that the nature of any additional telephone calls from defendant to plaintiff do not represent an effort by defendant to purposefully avail himself of the privilege of conducting activities within Oklahoma.  Finally, the Court finds the following facts relied on by plaintiff to establish jurisdiction: (1) plaintiff drafted all plans for the mini-storage building in Oklahoma; (2) all materials used to construct the building were shipped to Florida from Oklahoma and Georgia; (3) plaintiff did not use any Florida residents to build the building; and (4) some of the laborers who constructed the building live in Oklahoma are all descriptive of plaintiff's activities and are not indicative of purposeful activities by defendant at residents of Oklahoma.

Accordingly, the Court finds that it lacks personal jurisdiction over defendant and that this case should be dismissed.

III.　Conclusion

For the reasons set forth above, the Court GRANTS defendant's Motion to Dismiss for Lack of Personal Jurisdiction [docket no. 4].

**IT IS SO ORDERED this 25th day of June, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE